439 A.2d 818

**Elmo F. PIO, Executor of the Estate of Eugene V. Pio, Deceased, Appellant,**

v.

**Steve LETAVEC, Raymond Sanino, Michael Yablonski and James Bistarkey a/k/a James Bistarky.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Jan. 8, 1982.

Petition for Allowance of Appeal Denied May 3, 1982.

P. Christian Hague, Pittsburgh, for appellant.

Harry W. Miller, Pittsburgh, did not file a brief on behalf of Letavec, appellee.

Bruce R. Martin, Pittsburgh, for Sanino, appellee.

Louis Anstandig, Pittsburgh, for Yablonski, appellee.

H. Fred Mercer, Pittsburgh, for Bistarkey, appellee.

Before SPAETH, WATKINS and VAN der VOORT, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Allegheny County, Civil Division, and involves the plaintiff-appellant's appeal from an order of the court below which refused plaintiff's Motion to Take Off a Non Suit granted to the defendants after the presentation of the plaintiff's case. Plaintiff had sued four defendants under the Wrongful Death and Survival Act.

Plaintiff is the executor of the estate of Eugene Pio, deceased, who was killed on December 11, 1973 at approximately 9:00 P.M. on Route 51 in Forward Township, Allegheny County, Pennsylvania. At the location of the accident Route 51 is a four lane divided highway with two lanes proceeding in a northerly direction and two lanes proceeding in a southerly direction. The decedent was killed when he stepped off a medial divider and was struck by one or more vehicles. The first vehicle to strike the decedent was a 1970 Chevrolet operated by a Steve Letavec. Letavec testified that he struck the decedent when the decedent stepped off the medial divider into the left hand lane of Letavec's direction of travel (north). He was travelling in the left lane because the right lane was torn up in that area and is in a state of disrepair. Letavec, hereinafter referred to as defendant 1, then stopped his vehicle. He had not run over the decedent. A dent in the left hand area of his hood area of his vehicle cost $47 to repair. He had been going 40–45 miles per hour at the time of impact. At trial an expert medical witness, Dr. Joshua Perper, testified that in his opinion the impact of defendant 1's vehicle with the decedent would not have caused the injuries which resulted in the decedent's demise. Defendant 1 further testified that he only observed the decedent upon impact with him, that he

was wearing dark clothing, and that the area was dark and not well-lighted by street lights. After the collision defendant 1 stopped his automobile and then stated that he saw several other cars go by the scene. He stated that he observed "one, two I saw" other vehicles strike the decedent as he was laying on the roadway. The record reveals that defendant 1 and his insurance carrier have been released from any liability by plaintiff as of February 16, 1976. The consideration for the release was $15,000, defendant 1's policy limit. Thus, the case against defendant 1 is moot.

Defendant 2 is Michael Yablonski and defendant 4 is James Bistarky both of whom were operators of motor vehicles who arrived on the scene after the initial impact whereby defendant 1 struck the deceased. Plaintiff alleges that both defendant 2 and defendant 4 struck the decedent while he was laying in the road. The only evidence to support the allegation that defendant 2 struck the deceased is that defendant 3, Raymond Sanino, testified that the decedent was straddling both lanes of the northbound lane of Route 51 when defendant 3 approached and that defendant 2 testified that decedent was completely in the right hand lane of said roadway as he approached. From this, plaintiff argues that a fact-finder could infer that defendant 2 struck the decedent, presumably moving him to the place where defendant 3 encountered him.

The only evidence that defendant 4 struck the decedent was the fact that his vehicle was dirty but for a clean spot on its side and defendant 4's alleged statement to defendant 3 at the scene of the accident that he thought that he might have struck the decedent. Both defendant 2 and defendant 4 deny that they struck the decedent. Plaintiff cites several cases and the *Restatement of Torts* for the proposition that "the burden is upon each actor to prove that he has *not* caused the harm suffered by the plaintiff in situations where the conduct of two or more actors is tortious and where harm has been caused to plaintiff by at least one of them but where there is uncertainty as to which one has caused it". See *Restatement of Torts (Second) Sec.*

*433 B (3).* However, all of the authorities cited by plaintiff involve situations where it is proven that the plaintiff was struck by several vehicles. Here the court below found that plaintiff had not produced sufficient evidence to establish that defendant 2 and defendant 4 struck the decedent. We agree. Therefore, we affirm the decision of the court below in refusing to take off the nonsuit against Yablonski (defendant 2) and Bistarky (defendant 4).

Defendant 3, Raymond Sanino, struck the decedent as he lay straddled between the two northbound lanes. He testified that he had seen an automobile on the right berm of the road with lights on and its engine running and had driven his vehicle over into the left lane to avoid the vehicle he had seen parked along the right berm. As he did so he noticed an object lying straddled between both northbound lanes, swerved to avoid it, "hit" the brakes, then swerved again so that his vehicle ended up straddling the object. As he went over it he heard a slight "thump". He then pulled his vehicle over to the side of the road and went back to investigate what the object was along with defendant 4 who had also stopped at the scene. When they got back to the scene they observed that the object was the decedent. Defendant 3 was travelling at 45 miles per hour at the time of the incident. Several other vehicles passed the scene during the time the decedent was on the roadbed. The evidence produced at trial indicates that Sanino's vehicle's undercarriage struck the decedent. The issue is whether there was sufficient evidence adduced on the record to permit a jury to conclude that: (1) Sanino was negligent; and (2) that the decedent was alive when Sanino's vehicle struck him.

■ Dr. Perper testified that "one single strike by a car" going 40–45 miles per hour would not have been sufficient to cause the injuries suffered by the decedent. However, the doctor opined that the decedent died of "severe blunt force injuries", testified that the decedent had been knocked out of his shoes and that the single blow by Letavec's vehicle would be sufficient to do that, testified that a man hit from his right by a car would have a second impact from the same

car and possibly a third such impact, and further admitted that the decedent's skull fractures could have resulted from his head striking the ground after the impact with the Letavec vehicle and that this possibility was as consistent with his skull fracture as was the possibility that the skull was fractured when a vehicle ran over it.

After a careful review of the Sanino testimony, we find that the court below was correct in granting the nonsuit in the case against him. There was evidence to the effect that an unidentified vehicle struck the decedent after Letavec did but before Sanino did. Sanino argues that his situation falls within the specific illustration set forth in *Torts Restatement (Second) Sec. 433 B, illustration 2*, an example wherein it is stated that the plaintiff has not sustained his burden of proof. We agree. We also note that plaintiff's case against Sanino established only that his vehicle ended up straddling the decedent and that the underside of his vehicle struck the decedent's body. No other contact with the decedent's body was established. The evidence also established that Sanino was operating his vehicle within the speed limit, in a dark area, and had moved his vehicle to the left of the roadway to avoid the vehicle he had observed parked along the right berm of the road with headlights on and the engine running. As he was doing this he looked to the right to try to detect anyone moving onto the road from the area of the parked vehicle when he was suddenly confronted with the decedent's body, clothed in dark attire, lying straddled between both lanes of the northbound side of the roadway. He then swerved his vehicle in order to avoid the decedent and ended up straddling him. The mere happening of an accident does not mean that someone was negligent. Under these circumstances, we hold that the court below ruled correctly when it granted the nonsuits against defendant 2, defendant 3 and defendant 4. The case against defendant 1 is moot.

Order affirmed.

SPAETH, J., files a concurring and dissenting statement.

SPAETH, Judge, concurring and dissenting:

I agree that a nonsuit was proper as to defendant No. 2 (Yablonski) and No. 4 (Bistarky). However, as to defendant No. 3 (Sanino), I believe the case should have gone to the jury. A motion for compulsory nonsuit should not be granted if the jury could have found from the evidence in the plaintiff's favor. Here, the jury could have found on the basis of Dr. Perper's testimony that the plaintiff's decedent had not been killed by the initial impact, but was killed when Sanino drove over him.